2013 UT App 195

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF Z.H., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

H.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130338-CA
Filed August 1, 2013

Second District Juvenile, Farmington Department
The Honorable Paul F. Iwasaki
No. 1066735

Erin Hill, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES THORNE, VOROS, AND CHRISTIANSEN.

PER CURIAM:

¶1 H.M. (Mother) appeals the juvenile court's March 25, 2013 order terminating her parental rights. We affirm.

¶2 Mother asserts that there was insufficient evidence to support the juvenile court's determination that she is an unfit or incompetent parent. She also asserts that there was insufficient evidence that the State made reasonable efforts to provide her with services. In order to overturn the juvenile court's decision as to the

sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10– 12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     The juvenile court determined that Mother is an unfit or incompetent parent. Although the juvenile court found additional grounds supporting the termination of her parental rights, this court need not review each alternative ground for termination, as the finding that a parent is unfit or incompetent is a sufficient ground to warrant the termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012). The juvenile court may adjudicate a parent as unfit if the parent's habitual or excessive use of intoxicating liquors, controlled substances, or dangerous drugs render the parent unable to care for the child. *See id.* § 78A-6-508(2)(c).

¶4     The record supports the juvenile court's determination that Mother has an extensive history of controlled substance abuse, which renders her unable to care for her child. Mother has abused several illegal substances since she was fifteen years old. Mother continued to abuse drugs during these child welfare proceedings. Although Mother asserts that there was insufficient evidence that

the State made reasonable efforts to provide her with services, the record indicates that she was provided with reasonable services. Mother was referred for a drug and alcohol assessment in June of 2012. Mother did not complete the assessment until September 5, 2012. Mother was not truthful in her assessment and she represented that she did not abuse illegal substances. Following a series of positive drug tests, Mother was referred to an intensive outpatient treatment program. However, she refused to enter the recommended drug treatment program because she did not want to undertake intensive drug treatment therapy. The record also demonstrates that Mother did not successfully complete the recommendations of the substance abuse providers to address the long term goals of sobriety. Mother fails to demonstrate that the juvenile court erred by determining that she is an unfit or incompetent parent and that reasonable efforts and services were provided to her.

¶5     Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the child's best interest to terminate Mother's parental rights. If there are sufficient grounds to terminate parental rights, in order to actually do so, "the court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. This court may not engage in a reweighing of the evidence that was before the juvenile court. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶6     The record supports the juvenile court's determination that it was in the child's best interest to terminate Mother's parental rights. The juvenile court determined that the child does not have a healthy bond with Mother, and that Mother is unable or unwilling to provide an appropriate home environment for the child. The record also demonstrates that the child has developed a healthy bond with his foster family, which provides the necessary structure, stability, and predictability for the child. The child has become integrated into the foster family where he receives proper care, parenting, love, and the stability that he requires. The foster

family also wants to adopt the child. Mother fails to demonstrate that the juvenile court erred by determining that it is in the child's best interest to terminate Mother's parental rights.

¶7     Accordingly, the juvenile court's order is affirmed.

———